UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | | |
|---|---|---|
| **DEAN DENNIS AND**<br>**ROBERT BUERKLE,**<br>Individually and on behalf of all<br>other similarly situated persons,<br><br>**Plaintiffs,**<br>v.<br><br>**OHIO STATE TEACHERS**<br>**RETIREMENT BOARD**<br>275 East Broad Street<br>Columbus, Ohio 43215<br><br>**Defendant.** | : : : : : : : : : : : : : : : : | Case No. 1:19-cv-386<br><br>Judge<br><br>**CLASS ACTION COMPLAINT AND**<br>**JURY DEMAND** |

## PRELIMINARY STATEMENT

All allegations made in this Complaint are based upon information and belief except those allegations that pertain to Plaintiffs, which are based on personal knowledge. Each allegation in this Complaint either has evidentiary support or, alternatively, pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## INTRODUCTION

1. Plaintiffs Dean Dennis and Robert Buerkle bring this action against the Ohio State Teachers Retirement Board (the "Board" or "Defendant") on behalf of themselves and all other similarly situated retirees to challenge the Defendant's unlawful elimination of vested retirement benefits, namely the annual allowance increases (also known as the annual cost of living adjustments or "COLAs"), for Plaintiffs and all other retirees beginning on July 1, 2017.

Specifically, Ohio Revised Code § 3307.67(A) provides in pertinent part that, after August 1, 2013, the Defendant shall annually increase retirees' allowances by two percent (2%) except as provided by RC § 3307.67(E). Subsection (E) of that same statute provides that the STRS "may adjust the increase payable under this section if the board's actuary, in its annual actuarial valuation required by section 3307.51 of the Revised Code or in other evaluations conducted under that section, determines that an adjustment does not materially impair the fiscal integrity of the retirement system or is necessary to preserve the fiscal integrity of the system."

2. In April 2017, Defendant eliminated COLAs for STRS retirees receiving monthly pension allowances by voting to indefinitely eliminate COLAs for STRS retirees beginning on July 1, 2017. At no time prior to the Board's vote did the Board's actuary present an actuarial valuation or other report required by section 3307.51 to the Board determining that the indefinite elimination of COLAs was necessary to preserve the fiscal integrity of the system.

3. Plaintiffs allege that the Defendant's indefinite elimination of the two-percent annual COLAs mandated by Ohio law without the presentation to the Board of an actuarial valuation or other report required by section 3307.51, as mandated by RC § 3307.67(E), violates the United States Constitution, the Ohio Constitution, and state laws. Plaintiffs seek damages and declaratory and injunctive relief for themselves and all other similarly situated persons in the form of reinstatement of their COLA's, restitution of foregone COLAs and reasonable attorney fees and costs.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the Plaintiffs' federal claims arise under the Constitution and laws of the United States.

5. This Court has supplemental jurisdiction over all other claims pursuant to 28

U.S.C. § 1337(a) because such claims are part of the same case or controversy under Article III of the United States Constitution, and 28 U.S.C. § 1367 because they arise from the same nucleus of operative facts as the federal claims.

6. Venue with this court is appropriate pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this judicial district.

## THE PARTIES

7. Plaintiff Dean Dennis is a United States citizen who resides in Hamilton County, Ohio. Mr. Dennis was employed by the Cincinnati Public Schools and had thirty-five years of STRS service when he retired on January 1, 2008. During his employment, Mr. Dennis and his employer contributed to STRS. Upon his retirement, he was approved for a retirement allowance and became vested under Ohio law in all amounts and other benefits to which STRS retirees are entitled thereunder.

8. Plaintiff Robert Buerkle is a United States citizen who resides in Hamilton County, Ohio. When Mr. Buerkle retired on July 1, 2003, he had over 35 years of STRS service credit, most of which (twenty-six years) related to his employment with the Cincinnati Public Schools. Mr. Buerkle also taught at Miami University, Butler County Vocational School, and Cincinnati State. During his employment, Mr. Buerkle and his employers contributed to STRS. Upon his retirement, he was approved for a retirement allowance and became vested under Ohio law in all amounts and other benefits to which STRS retirees are entitled thereunder.

9. Defendant Board is a *sui juris* public entity established pursuant to RC § 3307.03 that oversees and administers approximately $80 billion on behalf of the 494,000 active, inactive and retired Ohio public educators. Because Defendant's assets total approximately $80 billion, it is one of the largest public pension funds in the United States.

10. Defendant operates under the provisions of Chapter 3307 of the Ohio Revised Code and Chapter 3307 of the Ohio Administrative Code. STRS official Board policy recognizes that its board and its members are trustees of the STRS owing fiduciary duties to STRS beneficiaries such as plaintiffs.[1]

11. As an entity created by state statute, the Board acts at all times under color of state law. All actions by the Board complained of herein were undertaken under color of state law as the official policy, practice and custom of Defendant.

## STATEMENT OF FACTS

**IN 2012 THE OHIO GENERAL ASSEMBLY CREATED A STATUTORY ENTILTLEMENT TO ANNUAL COST OF LIVING INCREASES FOR STRS BENFICIARIES.**

12. Plaintiffs and members of the Class were public employees required as a condition of their employment to contribute a portion of their earnings to STRS. Upon retirement and the payment of a monthly retirement benefit, Ohio law vests a right in such individuals, including Plaintiffs and members of the Class, to receive such retirement benefits so long as they remain beneficiaries of any of the funds established as part of the STRS. *See* R.C. Section 3307.42.

13. Ohio Revised Code Section 3307.67 was amended by the General Assembly in 2012 to provide in pertinent part as follows:

> (A) Except as provided in divisions (D) and (E) of this section, the state teachers retirement board shall annually increase each allowance or benefit payable under the STRS defined benefit plan. Through July 31, 2013, the increase shall be three per cent. On and after August 1, 2013, the increase shall be two per cent.

14. Subsection (E) of Section 3307.67 granted the STRS board limited authority to

---

[1] See https://www.strsoh.org/_pdfs/board/board-policies.pdf p. 14, last visited May 13, 2019.

4

"adjust" the annual increases provided for in subsection (A) if:

> [T]he board's actuary, in its annual actuarial valuation required by section 3307.51 of the Revised Code or in other evaluations conducted under that section, determines that an adjustment does not materially impair the fiscal integrity of the retirement system or is necessary to preserve the fiscal integrity of the system.

15. The Board's authority to adjust annual increases under subsection (E) of 3307.67 is not discretionary. Of particular import to this case, the Board may only reduce the annual increase payable under the STRS defined benefit plan if the Board's actuary "determines" that such a reduction is "necessary to preserve the fiscal integrity of the system" and such determination is set forth either in the actuary's annual actuarial valuation or other evaluations conducted under R.C. 3307.51.

16. In addition to the actuary's annual actuarial valuation, R.C. 3307.51 provides for four other reports that may be prepared by the actuary under the section's purview:

   a. An actuarial investigation of the mortality, service, and other experience of the members, retirants, and beneficiaries of the system, and other system retirants as defined in section 3307.35 of the Revised Code to update the actuarial assumptions used in the actuarial valuation required by division (A). RC 3307.51(B).

   b. Other studies or actuarial valuations to determine the adequacy of the normal and deficiency rates of contribution provided by section 3307.28 of the Revised Code. RC 3307.51(C).

   c. An actuarial analysis of any introduced legislation expected to have a measurable financial impact on the retirement system. RC 3307.51(D).

   d. A report giving a full accounting of the revenues and costs relating to the provision of benefits under section 3307.39 of the Revised Code. RC 3307.51(E).

17. Significantly, section 3307.51 expressly requires each of the reports it describes to be publicly filed with specified public offices, councils and committees. For example, the annual actuarial evaluation must be submitted to the Ohio retirement study council, the director of budget

and management, and the standing committees of the house of representatives and the senate with primary responsibility for retirement legislation immediately, but no later than the first day of January following the year for which the valuation was made.  RC 3307.51(A). . *Id.*

18. The timely preparation and filing of the reports provided for in section 3307.51 serves a significant public interest in allowing concerned members of the public including, among others, beneficiaries of the STRS to be informed of the performance of the system, and to provide advance notice of any proposed or recommended changes or adjustments to the system.  Indeed, Defendant's board meetings are public meetings at which beneficiaries are entitled to address the Board on issues of concern.

19. On November 14, 2016, the STRS Board's actuary submitted the annual actuarial valuation required by RC 3307.51(A).  The annual valuation reported, among other things, that the STRS plan had experienced net gains during the year and maintained a steady funding percentage. Significantly, there is no indication in the valuation report that a reduction or elimination of cost of living allowances was recommended or necessary to preserve the fiscal integrity of the system.

20. On March 3, 2017, the Board's actuary submitted the actuarial experience review contemplated by RC 3307.51(B).  The experience review recommended changes to several actuarial assumptions utilized by Defendant.  For example, the review recommended a reduction in the rate of inflation from 2.75% to 2.5%, and a reduction in the assumed rate of return from 7.75% to 7.00%.  The actuarial experience review projected that the effect of the proposed assumption changes would be to reduce the plan's funding percentage.  However, there is no mention in the actuarial experience review that a reduction or elimination of cost of living allowances was recommended or necessary to preserve the fiscal integrity of the system.

21. On or about March 16, 2017, the Board voted to accept in large part the actuary's

recommended assumption changes.  Minutes of the meeting reflect that the Board anticipated considering "plan design changes" at its next meeting in April 2017.

### IN APRIL 2017, THE STRS BOARD ABRUPTLY, INDEFINITELY, AND UNLAWFULLY ELIMINATED ALL COST OF LIVING INCREASES FOR OHIO'S RETIRED TEACHERS.

22. On April 20, 2017, the Board attempted to exercise the limited authority granted to it by RC 3307.67(E) to "adjust" annual cost of living increases by eliminating all such increases indefinitely.  However, as of that date, the requirements of RC 3307.67(E) had not been satisfied.  Specifically, no report prepared in compliance with RC 3307.51 reflected a determination by the Board's actuary that such an elimination of cost of living allowances was necessary to preserve the fiscal integrity of the system.

23. Despite the fact that no report prepared in compliance with RC 3307.51 reflected a determination by the Board's actuary that the elimination of cost of living allowances was necessary to preserve the fiscal integrity of the system, the Board voted to reduce the cost of living allowances granted on or after July 1, 2017 to 0%, effectively eliminating future increases.

24. As a direct result of the Board's April 20, 2017 decision to eliminate the cost of living allowance, no cost of living increases have since been issued to Plaintiffs and the Class they seek to represent.

### CLASS ALLEGATIONS

25. Plaintiffs seek to represent a class pursuant to Rule 23 of the Federal Rules of Civil Procedure, defined as all STRS participants who would have received a 2% cost of living adjustment on or after July 1, 2017 but for the Board's April 20, 2017 vote eliminating those increases (the "Class").

26. Members of the Class are so numerous — more than one hundred forty-five

thousand — that joinder of individual claims is impracticable. Membership in the Class can be objectively determined based on information found in Defendant's records.

27. There are significant questions of fact and law common to the members of the Class which predominate over questions affecting only individual members. The following questions of law and fact, among others, are common to all members of the Class:

   a. Whether the Board's April 20, 2017 decision to reduce the cost of living adjustment to 0% violated O.R.C. 3307.67;

   b. Whether Plaintiffs and the Class have received annual cost of living adjustments since July 1, 2017

   c. Whether the Board's April 20, 2017 decision to indefinitely eliminate the cost of living adjustments was supported by a prior determination in a report prepared in accordance with R.C. Section 3307.51 that the reduction was necessary to preserve the fiscal integrity of the retirement system by the Board's actuary;

   d. Whether the Board's April 20, 2017 decision to indefinitely eliminate annual cost of living adjustments without a prior determination by the Board's actuary in a report prepared in accordance with R.C. Section 3307.51 was a violation of the Due Process guaranteed by the Fourteenth Amendment of the United States Constitution;

   e. Whether the Board's April 20, 2017 decision to indefinitely eliminate annual cost of living adjustments was a violation of Article I, Section 16 of the Ohio Constitution;

   f. Whether the Board's decision to indefinitely eliminate annual cost of living adjustments violated the Contracts Clause of the United States Constitution;

   g. Whether the Board's decision to indefinitely eliminate annual cost of living adjustments breached the Board's fiduciary duties owed to Plaintiffs and the Class; and

   h. Whether Defendant has been unjustly enriched to the detriment of Plaintiffs and the Class by indefinitely eliminating annual cost of living adjustments since July 1, 2017.

28. Plaintiffs' claims are typical of the claims of the Class because their claims arose from the same events as those of the Class, including but not limited to the events of April 20,

2017, when the Board unlawfully eliminated the annual cost of living increases prescribed by Ohio law.

29. Plaintiffs will fairly and adequately represent the Class because they have the Class members' best interests in mind, their claims are co-extensive with, and identical to, those of the Class, and because they are represented by qualified counsel experienced in litigation of this nature, including counsel that successfully represented (and continues to represent under a 30 year consent decree) a class of current Cincinnati employees in the relatively recent employee benefits litigation titled, *Sunyak, et al v. City of Cincinnati, et al.,* Case No. 1:11-cv-00445-MRB.

30. A class action is superior to other available methods for fair and efficient adjudication of these claims since individual joinder of all members of the Class (more than one hundred forty thousand class members) is impracticable, and most members of the Class are without the financial resources necessary to pursue this matter because most are now living on their retirement benefits. Even if some members of the Class could afford to litigate their claims separately, such a result would unduly burden the courts in which the individual cases would proceed. Further, separate individual litigation will increase the time and expense of resolving this common dispute – a dispute that flows from Defendant's identical unlawful conduct described above.

31. The Class may also be certified pursuant to Rule 23(b)(1) and (2) of the Federal Rules of Civil Procedure because the prosecution of separate actions by individual members of the Class would create the risk of inconsistent adjudications that would establish incompatible standards of conduct for Defendant. Further, adjudications with respect to individual class members, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to

protect their interest. Moreover, Defendant has acted on grounds that apply generally to the Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class as a whole including, but not limited to, the payment of the 2% cost of living adjustment going forward and providing to Plaintiff and the Class restitution for the prior unpaid cost of living adjustments.

## STATEMENT OF CLAIMS

### COUNT 1: VIOLATON OF PROCEDURAL DUE PROCESS
### (42 U.S.C. § 1983)

32. Plaintiffs incorporate by reference the prior paragraphs as if fully stated herein.

33. By enacting R.C. Section 3307.67(A), the General Assembly created a right to annual STRS benefit increases, subject to adjustment without legislative action only upon the fulfillment of stated requirements as part of a public process in which affected beneficiaries have an opportunity to be privy to the grounds for any such adjustment and to oppose the same.

34. Defendant failed to provide Plaintiffs and the Class the statutorily required notice and opportunity to be heard regarding the indefinite elimination of cost of living allowances by failing, among other things, to follow the process prescribed by Ohio law – namely, fulfilling the mandatory condition precedent to any Board action to adjust cost of living allowances with a determination by the Board's actuary that such adjustment was necessary to preserve the fiscal integrity of the system in a report provided for in R.C. Section 3307.51.

35. By circumventing and disregarding the mandatory statutory process for adjusting cost of living allowances, the Board acted unlawfully and deprived Plaintiffs and the Class of their substantial vested property interest in their retirement benefits (the annual 2% cost of living adjustment benefit) without providing them notice of such finding, an adequate pre-deprivation hearing or other meaningful opportunity to be heard, and thereby violated their rights under the

Fourteenth Amendment to the United States Constitution.

36. The Board's actions were not random or unpredictable such that predeprivation notice and opportunity to be heard was not feasible. Indeed, an Ohio state statute expressly provides for the public filing of the reports required as prerequisites to Board action to adjust cost of living allowances.

37. As a direct and proximate result of Defendant's unlawful deprivation of Plaintiffs' and the Class's vested property interest, Plaintiffs and the Class are entitled to damages and all other appropriate relief.

### COUNT 2: IMPAIRMENT OF CONTRACT
### (United States Constitution, Article 1, Section 10)

38. Plaintiffs incorporate by reference the prior paragraphs as if fully stated herein.

39. Defendant was contractually obligated to provide the 2% cost of living adjustment to Plaintiffs and the Class.

40. Defendant substantially impaired that contract on and around April 20, 2017 when the Board indefinitely eliminated the annual 2% cost of living adjustment increases, increases on which Plaintiffs and the Class reasonably relied. This impairment violates the Contract Clause of the United States Constitution.

41. As a direct and proximate result of Defendant's impairment of contract, Plaintiffs and the Class are entitled to damages and all other appropriate relief.

### COUNT 3: VIOLATION OF SUBSTANTIVE DUE PROCESS
### (42 U.S.C. § 1983)

42. Plaintiffs incorporate by reference the prior paragraphs as if fully stated herein.

43. Defendant's unlawful and arbitrary and capricious decision to indefinitely eliminate the annual 2% cost of living adjustment benefit owed to Plaintiffs and the Class

unreasonably deprived them of their substantial vested property interest in those benefits in violation of their right to substantive due process under the Fourteenth Amendment to the United States Constitution.

44. As a direct and proximate result of Defendant's substantive due process violations unreasonably depriving Plaintiffs and the Class of their substantial vested property interest, Plaintiffs and the Class are entitled to damages and all other appropriate relief.

### COUNT 4: UNCONSTITUTIONAL TAKING
### (42 U.S.C. § 1983, Article 1 Section 19 OH Constitution)

45. Plaintiffs incorporate by reference the prior paragraphs as if fully stated herein.

46. Defendant's act of unlawfully depriving Plaintiffs and the Class of their substantial vested property interest in their retirement benefits (the annual 2% cost of living adjustment benefit), without providing just compensation in return, violated their rights under the Takings Clause of the United States Constitution and the Constitution of the State of Ohio.

47. As a direct and proximate result of Defendant's unconstitutional taking, Plaintiffs and the Class are entitled to damages and all other appropriate relief.

### COUNT 5: IMPAIRMENT OF CONTRACT
### (Ohio Constitution, Article II, Section 28)

48. Plaintiffs incorporate by reference the prior paragraphs as if fully stated herein.

49. Defendant was contractually obligated to provide certain benefits to Plaintiffs and the Class, namely the annual 2% cost of living adjustment benefit.

50. Defendant's unlawful actions on and around April 20, 2017 indefinitely eliminated the annual 2% cost of living adjustment increase and has substantially impaired that contract because Defendant is no longer willing or able to honor the terms on which Plaintiffs and the Class reasonably relied. This impairment violates the Contract Clause of the Ohio Constitution.

51. As a direct and proximate result of Defendant's impairment of contract, Plaintiffs and the Class are entitled to damages and all other appropriate relief.

### COUNT 6: BREACH OF CONTRACT
### (Ohio common law)

52. Plaintiffs incorporate by reference the prior paragraphs as if fully stated herein.

53. Upon the vesting of Plaintiffs' and the Class's rights in the STRS, Defendant had a contractual obligation under Ohio law to honor the terms of the agreement. Defendant breached this contract on and around April 20, 2017 when the Board unlawfully and indefinitely eliminated the annual 2% cost of living adjustment increases, thereby considerably reducing the amount of retirement benefits paid and owed to Plaintiffs and the Class.

54. As a direct and proximate result of Defendant's breach, Plaintiffs and the Class are entitled to damages and all other appropriate relief.

### COUNT 7: BREACH OF FIDUCIARY DUTY
### (Ohio common law)

55. Plaintiffs incorporate by reference the prior paragraphs as if fully stated herein.

56. By developing, administering, and overseeing the STRS, Defendant accepted a duty to act primarily for the benefit of Plaintiffs and the Class regarding the STRS and the payment of benefits owed.

57. Defendant's actions on and around April 20, 2017 and continuing thereafter, when the Board unlawfully and indefinitely eliminated the annual 2% cost of living adjustment increases without having proper legal authority to do so, breached this duty.

58. As a direct and proximate result of Defendant's breach of fiduciary duty, Plaintiffs and the Class are entitled to damages and all other appropriate relief.

## COUNT 8: UNJUST ENRICHMENT
### (Ohio common law)

59. Plaintiffs incorporate by reference the prior paragraphs as if fully stated herein.

60. Plaintiffs and the Class conferred a benefit upon Defendant by paying certain amounts of their compensation into the STRS retirement system during their years of employment.

61. Defendant was aware of and knew of the benefit conferred by Plaintiffs and the Class.

62. By taking the actions on and around April 20, 2017, when the Board indefinitely eliminated the annual 2% cost of living adjustment increases, Defendant retained and continues to retain these benefits under circumstances where it is unjust to do so without payment to Plaintiffs and the Class.

63. Accordingly, Plaintiffs and the Class are entitled to restitution of the reasonable value of the benefit conferred and unjustly retained by Defendant.

## COUNT 9: DECLARATORY JUDGMENT ACT
### (28 U.S.C. §2201, et seq.)

64. Plaintiffs incorporate by reference the prior paragraphs as if fully stated herein.

65. As described above, on April 20, 2017 the Board acted without lawful authority to indefinitely deprive STRS retirees of annual cost of living adjustments.

66. Plaintiff's and the Class have a tangible economic interest in ensuring that the Board complies with Ohio law respecting the exercise of control over the STRS and have been materially and negatively affected by the Board's actions.

67. Absent a ruling of this Court, the Board's actions are capable of future repetition in the same or similar situations to the detriment of Plaintiffs and the Class.

68. Declaratory relief finding that the Board acted unlawfully is just and appropriate.

69. In addition, corresponding injunctive relief ordering the Board to make restitution of all amounts wrongfully withheld from Plaintiffs and the Class and enjoining the Board from taking such action in the future without fully complying with applicable law is just and appropriate. In the absence of such relief, Plaintiffs and members of the Class will be irreparably injured insofar as they are deprived of the current use of the retirement benefits that they earned and to which they contributed during their working careers during vulnerable years of retirement and, in many cases, advanced age.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Dean Dennis and Robert Buerkle, on behalf of themselves and all others similarly situated, hereby demand judgment against Defendant as follows:

a. For a declaration that Defendant's actions as described throughout this Complaint, to the extent it reduces or impairs vested retirement benefits of Plaintiffs and the Class, violates the United States Constitution, the Ohio Constitution, and federal and state laws;

b. For preliminary and permanent injunctive relief enjoining, prohibiting, and preventing Defendant from continuing to ignore its obligation to pay the annual 2% cost of living adjustment increase to the extent Defendant's ongoing actions reduce or impair their vested retirement benefits;

c. For an award of damages and/or restitution representing the amount of retirement benefits lost by Plaintiffs and the Class as a result of Defendant's unlawful acts;

d. For an award of interest according to law;

e. For an award of reasonable attorney fees and costs incurred by Plaintiffs and the members of the Class in prosecuting this matter; and

f. For an award of such other relief in law and equity to which Plaintiffs and the

15

Class may be entitled.

## JURY DEMAND

Plaintiffs and the Class demand a jury trial for all issues of fact in connection with this Complaint.

/s/Jeffrey S. Goldenberg

Respectfully submitted,

/s/ Jeffrey S. Goldenberg
Jeffrey S. Goldenberg (0063771)
Todd B. Naylor (0068388)
GOLDENBERG SCHNEIDER, LPA
One West Fourth Street, 18th Floor
Cincinnati, OH 45202
Phone: 513.345.8291
Fax: 513.345.8294
jgoldenberg@gs-legal.com
tnaylor@gs-legal.com

Stephen E. Imm (0040068)
Matthew S. Okiishi (0096706)
FINNEY LAW FIRM, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, OH 45245
stephen@finneylawfirm.com
matt@finneylawfirm.com

Christian A. Jenkins (0070674)
MINNILLO & JENKINS, CO., L.P.A.
2712 Observatory Avenue
Cincinnati, OH 45208
Phone: 513.723.1600
Fax: 513.723.1620
cjenkins@minnillojenkins.com

*Attorneys for Plaintiffs and the Class*